No. 1997-946-C2D

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 31 2016

Abel Acosta, Clerk

51,065-03

EX PARTE

J.C. FOSTER

IN THE 54th JUDICIAL DISTRICT COURT OF McLENNAN COUNTY, TEXAS

APPLICANT'S TRAVERSE RESPONSE TO THE STATE'S FINDINGS OF FACT AND CON-CLUSION OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Exparte, J.C. Foster, in good Faith, Asse-Rting that the State's Finding of Fact and conclusion of Law. is unreasonable in the light of Montgomery v Louisiana 577 U.S. ___ 2016. And Miller v Alabama 567 U.S, ___ 132 Sct. 2455 (2012).

Miller, held that a procedural rule goes only toward manners of determining the deFendant's culpability. Schriro 542 U.S, At 353. A substantive rule, in contrast, Forbids criminal punishment oF certain primary conduct or prohibits a certain category oF punishment For a class oF deFendant's because oF their status or oFFense, Penry 492 U.S. At 330, (see. Schriro, supra, At 353 (A substantive rule Alters the Range oF conduct or the class OF persons that the Law punishes.

(1) Applicant Asserts that the State's Findings oF Fact And conclusion oF Law is both contrary And unreasonable in the light oF Penry 492 U.S. At 330, And Schriro, RegardLess oF Applicant's parole eligibility date. AFter having served 35 or 40 years FLAt,

(2) Such Findings And Facts conFLicts with Jus-

(1)

tice Kennedy's January 25, 2016 dissent in Montgomery v Louisiana 577 U.S. __ 2016 Asserting that (25) Years was sufficient for most juveniles who's crimes reflect transient maturity. (3) Miller took as it's starting premise the particular principle established in Roper and Graham that "children are constitutionally different from adult for purposes, s. of sentencing 567 U.S. at __ (slip. op. at 8). Citing Roper, supra. at 569-570; and Graham, supra, at 68), These differences result from children's diminished culpability and greater prospects for reform" and are apparent in three primary ways;

"First, children have a lack of maturity and underdeveloped sense of responsibility; Leading to recklessness, impulsivity, and heedless risk-taking, "Second, children are more vulnerable to negative influences and outside pressure; including from their family and peers; they have limited control, over their own enviroment and lack the ability to extricate themselves from horrific, crime-producing setting. And third, A child's character is not as well formed as an adult's, his traits are less fixed" And his actions less likely to be evidence of irretrievable depravity" 567 U.S. at __ (slip op at 8). quoting Roper, supra. at 569-70; alterations, cititations and some internal quotation mark omitted,

Applicant have the same questions that was asked in Montgomery about the consideration of Applicant's culpability now that A new rule of procedural and substantive law has been enacted, and the prisoner has already been sentenced or punished,

The Court in Montgomery held; such situation co-

(2)

nflates a procedural requirement necessary to implement a substantive guarantee with a rule that regulates only the manner of determining the defendant's culpability." Scheiro, supra, at 353. There are instances in which a substantive change in the law must be attended by a procedure that enable a prisoner to show that he falls within the category of persons whom the law may no longer punish. (See Mackey 401 U.S. at 692, n.7 opinion of Harlan J.) Some rules may have both procedural and substantive ramifications, as I have used these terms here") For example, when an element of a criminal offense is deemed unconstitutional, a prisoner convicted under that offense receives a new trial where the government must prove the prisoner's conduct still fits within the modified definition of the crime. In a similar vein, when the constitution prohibits a particular form of punishment for a class of persons, an affected prisoner receives a procedure through which he can show that he belongs to the protected class. See Atkins v Virginia 536 U.S. 304. 317 (2002) (requiring a procedure to determine whether a particular individual with an intellectual disability "falls within the range of intellectually disabled offenders about whom there is a national consenus" that execution is impermissible).

Applicant Further contend that there is two ~~three~~ unresolved controvicted issues that need to bee resolved.

(1) Does Montgomery entitle all juvenile's prior to punishment a consideration of their culpability as

stated in Schriro, supra, at 353 Mackey 401 U.S. at 692 n.7. (opinion of Harlan, J.) And Atkins v. Virginia 536 U.S. 304, 317 (2002) Despite being sentence to Life with parole eligibility?

(2) What criteria is necessary for all juveniles to be classified and entitled to a punishment hearing which includes the consideration of ones culpability as citied in Roper and Graham?

## PRAYER

Applicant pray that this court would read and consider Applicant's objection and clarify the question, does Miller create two or impliment two different sentencing guidelines of one class of juveniles.

## CERTIFICATE OF SERVICE

I J.C. Foster, TDCJ-IP #839829 Hereby swear that the foregoing is true and correct and free from perjury.

Executed on this date 5/25/2016,

J.C. Foster
TDCJ-ID# 839829
Robertson Unit
12071 Fm 3522
Abilene, Tx. 79601